UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.J. TRUCCO, INC., <br><br> Plaintiff, <br><br> v. <br><br> REDCELL CORP., and REDCELL SYSTEMS, LLC, <br><br> Defendants. | CIVIL ACTION <br><br> Case No.: <br><br><br> **COMPLAINT** |

Plaintiff A.J. Trucco, Inc. ("Trucco"), by and through its undersigned counsel, by way of Complaint against Defendants Redcell Corp. and Redcell Systems, LLC (collectively "Redcell"), allege as follows:

## INTRODUCTION

1. This is an action for relief under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) ("CFAA"), the New Jersey Computer Related Offenses Act, N.J.S.A. 2A:38A-3 ("NJCROA"), and state law.

2. Trucco owned and used a server, physically located in New York, which served its business in both New York and New Jersey, and which contained its confidential and proprietary data and information.

3. Trucco brings the claims outlined below, seeking relief under the CFAA and NJCRAO, to remedy the unlawful access of its server and confidential information by Redcell, which Redcell has used to advance its interests in ongoing litigation.

4. Redcell previously provided IT services to Trucco through 2019. During that time Redcell was authorized to make backup copies of Trucco's server, but was not authorized to

access Truccos' confidential financial information, make copies of it, or use it for its own purposes.

5. When the relationship between Trucco and Redcell soured and ended, Trucco noticed beginning in January 2020 that Redcell had installed software on Trucco's server without permission and, even though the relationship between Trucco had ended, this software continued to run, copying Trucco's confidential files and information through the Spring of 2020.

6. At that time, Trucco suspected that the system Redcell had installed was still making copies, but Trucco did not believe or know that Redcell was accessing those copies.

7. Trucco took several remedial steps, ultimately changing to new servers, a process that took several months to complete and was only finished in May 2020.

8. However, in the Spring of 2021, during a deposition in the pending New York litigation between Trucco and Redcell, Redcell's counsel showed a Trucco witness copies of confidential documents, including a confidential settlement agreement from a different litigation and tax return information that Trucco had not authorized Redcell to access.

9. Only at that point did Trucco realize that Redcell had in fact accessed copies of its backup server and used the confidential informant it had found in the New York litigation.

10. Several months later, Trucco learned that Redcell's hired expert in the litigation had also accessed and used copies of Trucco's files, which contained information from 2020 and 2021, suggesting that Redcell had continued to access Trucco's system and files throughout that time.

11. Trucco now seeks compensatory damages, punitive damages, reasonable counsel fees, and expenses pursuant to the CFAA, NJCROA, and New Jersey law to remedy Redcell's

illegal actions, Including wrongfully accessing their confidential and proprietary data, including sensitive financial documents, particularly corporate tax returns and profits and loss documents.

## JURISDICTION AND VENUE

12.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that it arises under the laws of United States, *i.e.* the CFAA. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

13.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the acts, events, and transactions alleged herein occurred in substantial part in this District, and Defendants have previously transacted business in this District in providing past services to Trucco's Vineland, New Jersey facility.

## PARTIES

14.  Trucco, an agricultural product wholesaler, is a New York corporation, with its principal place of business located at 344 New York City Terminal Mkt, Bronx, NY 10474. Trucco also operates out of its facilities located in Vineland, New Jersey. Trucco is a domestic and international importer of branded and unbranded produce from around the world, and sells and distributes its products in both interstate and foreign commerce from its locations in New York and New Jersey.

15.  Redcell Corporation is a New York corporation. Redcell Systems, LLC is a New York limited liability company. Redcell's principal place of business is, upon information and belief, located at 380 North Broadway, Jericho, New York. Redcell is a technology computer company that, among other things, develops computer software and provides IT services.

## FACTUAL BACKGROUND

### A. Trucco's Server and Confidential Business Information.

16. From 2008 to 2019, Redcell provided software development, IT support maintenance, and logistic services for Trucco.

17. As part of its role working for Trucco, Redcell was provided administrative access to Trucco's systems and was instructed to install and maintain a backup system for Trucco's data, which included specific folders containing sensitive financial and other sensitive information.

18. Redcell was never authorized, explicitly or implicitly, to view or copy this confidential information, only to make backup copies.

19. Through 2019, Trucco maintained a server, physically located at its facility at 344 New York City Terminal Mkt, Bronx, NY 10474.

20. Trucco's server contained and stored all of Trucco's business records, including its confidential information, and served all of Trucco's business locations, including its location in Vineland, New Jersey.

21. For instance, Trucco maintained an electronic folder labeled "Exclusive," which contained Trucco's most sensitive business information, including proprietary and confidential sales data, tax information, and privileged and/or confidential legal information.

22. Access to the "Exclusive" folder was restricted to Trucco's highest executives, including its President, Nick Pacia, and to system administrators.

23. As an administrator, Redcell's access to the Trucco server was, by default, not limited, but Trucco was expressly instructed that it was only permitted to back up Trucco's

4

servers, and was not permitted at access any of Trucco's data and files other than to complete the "back-up" process.

### B. Trucco's Relationship with Redcell Ends and Redcell Institutes the New York Litigation.

24. Trucco's relationship with Redcell began to sour at the end of 2019.

25. For instance, in September 2019, Pacia noticed that the administrative password had been changed, without his permission, by a Redcell contractor named Hector Castro.

26. Pacia was also alerted to a program called "Robocopy" automatically running on the server, which was making copies of folders on the server. Pacia would confront Mr. Castro about the situation, but he stated that the copies were being run to "resize" one of the drives.

27. Trucco's relationship with Redcell ended at the end of 2019 and, on January 3, 2020, Redcell filed an action in the United States District Court for the Southern District of New York against Trucco, Redcell Corp, et. v. A.J. Trucco, Inc., et al, Civil Action No. 1:20-cv-18 (the "NY Litigation"), in which Redcell alleges that Trucco misappropriated Redcell's trade secrets relating to certain logistics software. The NY Litigation is currently on-going and presently being litigated by the parties herein.

28. After January 2020, Trucco began to notice that certain backup software continued to be run on its server.

29. Several weeks after the NY Litigation was filed, an independent contractor who helped perform Trucco's IT Services for Trucco, noticed that although Redcell was no longer contracted to work for Trucco, a program called FileZilla continued to automatically run on the server. The FileZilla program would copy folders from Trucco's servers to make a backup copy. Trucco's IT consultant eventually noticed that among the folders being copied was the "Exclusive Folder."

30. Alerted to this concern, Trucco's IT consultant raised the issue to Pacia and Trucco began taking steps to change Trucco's server.

31. Specifically, after the NY Lawsuit began, Trucco changed the administrative passwords and began the process of changing the passwords to other folders and programs run on the server.

32. This process was not easy because, unbeknownst to Trucco at the time, Redcell had maintained different backup systems.

33. For instance, Trucco discovered that Redcell had installed software from a company called VMWARE to allow remote access to Trucco's server. Trucco had not been provided the password from VMWARE and was unable to get through to someone from Redcell to provide it. Trucco was, therefore, forced to contact VSphere to purchase a new license. Trucco was eventually able to access the VMWARE system and remove Redcell's access.

34. Trucco eventually took steps to change from its prior server to a new cloud-based server, a process that took several months to complete, with Trucco's new server only being fully operational only in May 2020.

**C. Trucco Discovers Redcell Had Illegally Accessed Its Confidential Data.**

35. Although Trucco began to take steps to fully remove Redcell's access to its server beginning in January 2020, it did not, at the time, know that Redcell was doing more than "copying" its files.

36. During the course of the NY Litigation, Redcell's counsel made reference to "joint database" that had been generated during the parties' business relationship and which allegedly consisted of, among other things, iBackup files of Trucco's server.

37. Trucco believed this to refer to its backup database, but since that database could not be simply accessed – it would have to be specifically restored and Redcell had never been authorized to do so– Trucco did not know, at the time, that Redcell had pulled documents from that database.

38. During a deposition of one of Trucco's executives in the NY litigation on April 5, 2021, Redcell's counsel showed the witness a copy of a confidential settlement document between Trucco and another company resolving an unrelated legal dispute and a copy of its confidential tax returns.

39. Trucco never gave either Redcell or its counsel permission to access (or be in possession of) either its confidential tax returns, financial documents, or its confidential legal settlement agreement.

40. This information could only have been accessed from a copy of the server files, including from Trucco's "Exclusive" folder and, as noted above, Trucco had never authorized Redcell to access this information.

41. Redcell's president, Helder Molina was also deposed in the NY Litigation. During the deposition, Molina acknowledged that Redcell has accessed Trucco's confidential and proprietary data and trade secrets stored in "the Cloud" as part of its prosecution efforts in the ongoing Litigation case and did so because Redcell still has the backup copy and access codes to retrieve such data and testified that Redcell had accessed more than 10,000 documents belonging to Trucco.

42. It was at this point that Trucco realized the harm caused by the unlawful copying of Trucco's confidential information.

43. Redcell was not authorized to access Trucco's confidential files during its engagement with Trucco and was certainly not authorized to do so after the parties' engagement ended.

44. Later in 2021, during a deposition of Redcell's litigation expert, Trucco learned that Redcell's expert had reviewed and used documents from Redcell's server and had included what appeared to be documents form 2020 and 2021.  Until that point, Trucco had been unaware of the extent of Redcell's access to its information, having previously believed that Redcell's software had only continued copying data.

45. Although Trucco took extensive action (incurring significant costs) to change its server and remove Redcell's access to the server in the Winter and Spring of 2020, it was only aware that Redcell had accessed the alleged "joint database" beginning in April 2021.

46. Though Redcell had been authorized to make a back-up copy of the server, it had not been authorized to otherwise copy files or access any of the files to make use of it.

47. Upon information and belief, Redcell is currently in unauthorized possession of other confidential and proprietary information (beyond the referenced tax returns and confidential case settlement document) that was obtained by Redcell from Trucco's Cloud account to gain an unfair competitive advantage in prosecuting the on-going Litigation.

48. As a result of Redcell's actions, Trucco had to completely overhaul its data storage system, resulting in extensive costs.

49. Trucco has expended significant amounts in connection with security actions in response to Redcell's unauthorized actions in an amount that far exceeds $5,000, including, but not limited to, expending money for the time of its IT consultants to remove access to its servers and backup servers and to move its data to a new server.

## COUNT I
### (Computer Fraud and Abuse Act, 18 U.S.C. § 1030)

50. Trucco repeats and realleges each allegation in the foregoing paragraphs as if set forth herein at length.

51. Trucco's server was located in New York and was responsible for storing and maintaining Trucco's data. Trucco's locations in New Jersey used the server located in New York in connection with Trucco's business in interstate and foreign commerce.

52. From the outset of the Parties' relationship, Redcell was aware that it lacked any authority to access Trucco's confidential folders within the server.

53. By using special software to unlawfully copy Trucco's folders, Redcell has accessed thousands of documents on Trucco's server, which contain confidential, proprietary, and financial documents, for use in ongoing litigation.

54. Redcell was not authorized to access Trucco's confidential information in any way not related to the maintenance of software.

55. Upon the termination of the relationship between Trucco and Redcell, any authorization that Redcell had to access any part of Trucco's computer systems ended.

56. Before the end of the relationship between the parties, Redcell's accessing of private, confidential and proprietary documents was unauthorized as Redcell did not have implied or express permission to do so.

57. Redcell accessed Trucco's data between the institution of the NY Litigation in January 2020 and April 2021 and made use of the data it accessed as part of the NY Litigation.

58. Trucco became aware of this access only in April 2021 during depositions in the NY Litigation.

59. Redcell's access also exceeded any authorization that it had to access other parts of Trucco's system relating to the software at issue in this case.

60. Redcell's access to Trucco's system continued after the end of their relationship and was therefore completely unauthorized.

61. Defendant has suffered tangible losses, including money spent investigating Redcell's data breach and to secure its database to prevent further access by Redcell. These tangible losses have exceeded $5,000 and will continue to grow.

**WHEREFORE**, Trucco demands judgment against Redcell as follows:

   a. Preliminarily and permanently enjoining Redcell from accessing Trucco's computer systems;

   b. Compelling Redcell to return all documents it has retained without permission and/or to destroy such copies and provide certification of such destruction;

   c. Granting compensatory damages for the lost value of accessed confidential information to which Defendants were entitled; and as reimbursement for measures taken to prevent a future breach by Redcell;

   d. Granting punitive damages in an amount to be determined at the time of trial;

   e. Awarding Plaintiffs all attorneys' fees and costs; and

   f. Awarding any additional relief the Court deems equitable and just.

## COUNT II
**(New Jersey Computer Related Offenses Act, N.J.S.A. 2A:38A-3)**

62. Trucco repeats and realleges each allegation in the foregoing paragraphs as if set forth herein at length.

63. Without authority and by exceeding authorization, Redcell has wrongfully, intentionally, and/or knowingly, obtained information from Trucco's computer systems.

64. As described in the Paragraphs above, Redcell unlawfully copied the data/information containing confidential information to their company servers and thereby, taking the data for us in litigation.

65. As a result of Redcell's actions, Trucco has and will continue to suffer irreparable harm and other damages.

**WHEREFORE**, Trucco demands judgment against Redcell as follows:

    a. Preliminarily and permanently enjoining Redcell from accessing Trucco's computer systems;

    b. Compelling Redcell to return all documents it has retained without permission and/or to destroy such copies and provide certification of such destruction;

    c. Granting compensatory damages for the lost value of accessed confidential information to which Defendants were entitled; and as reimbursement for measures taken to prevent a future breach by Redcell;

    d. Granting punitive damages in an amount to be determined at the time of trial;

    e. Awarding Plaintiffs all attorneys' fees and costs; and

    f. Awarding any additional relief the Court deems equitable and just.

## COUNT III
### (Invasion of Privacy)

66. Plaintiffs repeat and re-allege all of the foregoing allegations of their Complaint as if fully set forth at length.

67. Plaintiffs had a reasonable expectation of privacy that the trade secret and other confidential and proprietary information that Redcell wrongfully accessed for purposes of the Litigation would remain private and confidential.

68. Redcell violated Trucco's reasonable expectation of privacy concerning confidential and proprietary information that Redcell wrongfully accessed for purposes of the Litigation and which Trucco expected would remain private and confidential.

69. Trucco has been harmed by Defendants' actions in breaching Trucco's privacy rights.

70. Redcell's actions were willful, wanton, and done with malice, entitling Trucco to both compensatory and punitive damages.

**WHEREFORE**, Trucco demands judgment against Redcell as follows:

   a. Granting compensatory damages and punitive damages in an amount to be determined at the time of trial;

   b. Awarding Plaintiffs all attorneys' fees and costs; and

   c. Awarding any additional relief the Court deems equitable and just.

## **DEMAND FOR JURY TRIAL**

Defendants demand a jury trial on all such triable issues in this matter.

                              Respectfully submitted,

                              GENOVA BURNS LLC

                              By: *s/ Lawrence Bluestone*
                                      Charles J. Messina, Esq.
                                      Lawrence Bluestone, Esq.
                                      494 Broad Street
                                      Newark, NJ 07102
                                      cmessina@genovaburns.com
                                      lbluestone@genovaburns.com

                                      *Attorneys for Plaintiff A.J. Trucco, Inc.*

Dated:  May 17, 2022

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

The undersigned certifies that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

*s/ Lawrence Bluestone*
Lawrence Bluestone

#16488210v2 (22605.013)