UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                Case No.: 22-cv-07732-AT
------------------------------------------------------------------------x
A. J. TRUCCO, INC.,

                                    Plaintiff,

      -against-

REDCELL CORP. and REDCELL SYSTEMS, LLC,

                                  Defendants.
------------------------------------------------------------------------x

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. PROC. 12(b)(6)**

                                                        RUSS & RUSS, P.C.
                                                        Attorney for Defendants
                                                        Post Office Address:
                                                        543 Broadway
                                                        Massapequa, New York 11758
                                                        (516) 541-1014
                                                        jayruss@russrusspc.com

**TABLE OF CONTENTS**

**TABLE OF CASES** ............................................................................................................... i

**PRELIMINARY STATEMENT** ......................................................................................... 1

**FACTS OF THE CASE** ....................................................................................................... 2

      I.      The Complaint Allegations

      II.     Redcell's Lawsuit Against Trucco ("Action No. 1") ............................................. 3

      III.    In Action No. l, Trucco Moved for Leave to Amend
            its Answer to Assert a CFAA Counterclaim Against Redcell ................................ 3

      IV.    This Court Denied Trucco Leave to Assert the CFAA
            Counterclaim ........................................................................................................... 4

      V.     Trucco Commenced This Action ............................................................................ 7

**POINT I**

**THE CFAA COUNT SHOULD BE DISMISSED
PURSUANT TO RULE 12(b)(6)** ........................................................................................ 8

      A.     The CFAA Count Fails to State a Claim For Relief ............................................. 8

      B.     The Doctrine of *Res Judicata* Bars the CFAA First Count .................................... 8

**POINT II**

**THE NEW JERSEY STATE LAW
COUNTS SHOULD BE DISMISSED** ............................................................................... 11

**CONCLUSION** .................................................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**                                                          **Page**

A & G Rsch., Inc. v. GC Metrics, Inc.,
    19 Misc.3d 1136(A), 862 N.Y.S.2d 806 (Sup. Ct. West. Co., 2008) .......................................12

AmBase Corp. v. City Investing Co. Liquidating Trust,
    326 F.3d 63, 72 (2d Cir. 2003)...................................................................................................9

Bar-Levy v. Mitchell,
    No. 22-CV-3408 (CS), 2022 WL 14746399, at *1
    (S.D.N.Y. Oct. 25, 2022) ............................................................................................................9

Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc.,
    652 F. Supp.2d 463, 470 (S.D.N.Y. 2009)..................................................................................9

Bertuglia v. City of New York,
    839 F. Supp.2d 703, 713 (S.D.N.Y. 2012)..................................................................................8

Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,
    369 F.3d 212, 217 (2d Cir. 2004)...............................................................................................9

Buari v. City of New York,
    530 F. Supp.3d 356, 376 (S.D.N.Y. 2021)..................................................................................8

Carnegie-Mellon Univ. v. Cohill,
    484 U.S. 343, 350 n.7 (1988)....................................................................................................11

Chambers v. Time Warner, Inc.,
    282 F.3d 147, 152 (2d Cir.2002)................................................................................................8

Chien v. Skystar Bio Pharm. Co.,
    623 F. Supp.2d 255, 260 (D. Conn. 2009).................................................................................9

Cohen v. Postal Holdings, LLC,
    873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring)....................................................11

Day v. Moscow,
    955 F.2d 807, 811 (2d Cir. 1992)...............................................................................................9

Estate of Moore v. Roman,
    No. 18-16345 (RBK) (KMW), 2021 WL 3163992,
    at * 5 (D.N.J. July 27, 2021) ....................................................................................................11

Goldman v. Belden,
    754 F.2d 1059, 1067 (2d Cir. 1985) ...................................................................................8

Griffith v. Metropolitan Transit Authority-New York City Transit,
    No. 19 Civ. 6234 (AT),
    2022 WL 16540877 (S.D.N.Y. Oct. 28, 2022) .........................................................11

Joyner v. Alston & Bird LLP,
    No. 21 cv 8549-AT-SLC, 2022 WL 6244417, at *6 (S.D.N.Y. May 13, 2022)
    report and recommendation adopted,
    No. 21 cv 8549-AT-SLC, 2022 WL 4115954 (S.D.N.Y. Sept. 9, 2022) .................................10

King v. Hoover Group, Inc.,
    958 F.2d 219, 222-223 (8th Cir. 1992) ..................................................................10

Kramer v. Time Warner Inc.,
    937 F.2d 767, 774 (2d Cir. 1991) ...........................................................................9

Lucente v. Int'l Bus. Mach. Corp.,
    310 F.3d 243, 258 (2d Cir. 2002) .........................................................................10

McKenna v. City of Philadelphia,
    304 F. App'x 89, 91-93 (3d Cir. 2008) .................................................................11

New Y-Capp v. Arch Cap. Funding, LLC,
    No. 18-CV-3223 (ALC), 2022 WL 4813962,
    at *1 (S.D.N.Y. Sept. 30, 2022) .............................................................................9

Northern Assurance Co. v. Square D Co.,
    201 F.3d 84, 88 (2d Cir. 2000) .............................................................................10

Poe v. John Deere Co.,
    695 F.2d 1103, 1107 (8th Cir. 1982) ....................................................................10

Pro. Mgmt. Assocs. , Inc. v. KPMG LLP,
    345 F.3d 1030, 1032 (8th Cir. 2003) ....................................................................10

Redcell Corp. v. A.J. Trucco, Inc.,
    No. 20 cv 0018-AT-SLC, 2022 WL 683007 (S.D.N.Y. Mar. 8, 2022) ...................1, 4, 6, 9

Roth v. Jennings,
    489 F.3d 499, 509 (2d Cir. 2007) ...........................................................................9

TechnoMarine SA v. Giftports, Inc.,
    758 F.3d 493, 498 (2d Cir. 2014) ...........................................................................9

United States v. McGann,
    951 F. Supp. 372, 383 (E.D.N.Y. 1997) ................................................................................10

Yaba v. Roosevelt,
    961 F. Supp. 611, 621 (S.D.N.Y. 1997)................................................................................10

**Statutes and Rules**

18 U.S.C. § 1030(a)(2)(c) ...............................................................................................................1

18 U.S.C. § 1836............................................................................................................................3

Fed. R. Civ. Proc. 12(b)(6) ....................................................................................................... *passim*

N.J.S.A. 2A:38A-3.........................................................................................................................3

**PRELIMINARY STATEMENT**

Defendants Redcell Corp. and Redcell Systems Inc. (together, **"Redcell"**) submit this Memorandum of Law in support of their motion for an Order pursuant to Fed. R. Civ. Proc. 12(b)(6) dismissing the Complaint of A.J. Trucco Inc. on the grounds that none of the Counts states a claim for relief.

The First Count alleges that Redcell violated 18 U.S.C. § 1030(a)(2)(C), the Computer Fraud and Abuse Act (**"CFAA"**). This Count should be dismissed on the basis of *res judicata*. A.J. Trucco and Trucconova LLC (together, **"Trucco"**) are defendants in the companion case Redcell Corp. v. A.J. Trucco, Inc., No. 20 cv 0018-AT-SLC (**"Action No. 1"**), which this Court is presiding over. This Court, in its decision entered on March 8, 2022, denied Trucco's motion for leave to assert the very same CFAA Count as a counterclaim in Action No. 1 because the proposed CFAA counterclaim did not state a claim for relief. Redcell Corp. v. A.J. Trucco, Inc., No. 20 cv 0018-AT-SLC, 2022 WL 683007 (S.D.N.Y. Mar. 8, 2022) ("**March 2022 Decision**").

Even assuming, without conceding, that the Complaint is not dismissible on *res judicata* grounds, an independent basis exists for the dismissal of the Complaint. Simply put, the elements of a CFAA claim are not pled in this Complaint. This Court, in its March 2022 Decision, specifically noted the several pleading deficiencies and contradictory statements within Trucco's proposed counterclaim. Trucco's CFAA claim has not improved over time. The CFAA Count, as pled herein, suffers from the same infirmities of the erstwhile counterclaim.

Counts Two and Three, which allege violations of New Jersey law, should also be dismissed. The parties have no nexus to New Jersey or to New Jersey law. The parties are all New York domiciles. Their respective principal places of business are squarely within New York State. Indeed, the server which forms the basis of the Complaint is located in Trucco's main office

in the Bronx. Trucco has not even alleged that the supposed misconduct took place in New Jersey. In sum, Counts Two and Three do not allege any plausible violation of New Jersey laws and do not state any claims for relief.

If the CFAA Count is dismissed, alternate grounds exist for the dismissal of Counts Two and Three, assuming, although unlikely, that those Counts will survive this Fed. R. Civ. Proc. 12(b)(6) motion. Once the CFAA Count is dismissed, there is no independent subject matter jurisdiction for the District Court to adjudicate Counts Two and Three, save for the Court's discretionary supplemental jurisdiction. Redcell respectfully submits that the Court should decline to exercise supplemental jurisdiction over Count Two and Count Three.

The facts are set forth in the Complaint (**"Cmplt."**)[1] and the exhibits attached to the Declaration of Jay Edmond Russ, Esq. (**"Russ Decl."**).

## FACTS OF THE CASE

For the purposes of this motion, the facts are taken from the Complaint, and from the documents that are on file in Action No. 1. Redcell, however, denies the allegations of the Complaint and will vigorously contest those allegations at trial should it be required to do so.

I. The Complaint Allegations

From 2008 to 2019, Redcell had been retained by Trucco to provide software development, IT support, maintenance, and logistic services for Trucco and its server, which was physically located at Trucco's main facility at 344 New York City Terminal Mkt, Bronx, New York. The server allegedly contained Trucco's business records, including Trucco's confidential information (Cmplt. ¶¶ 16; 19; 20).

Redcell was the administrator of Trucco's server (Cmplt. ¶¶ 16; 19; 20). As the

---

[1] The Complaint is attached to the Russ Decl. as Exhibit "A".

2

administrator, Redcell had total access to the server (Cmptl. ¶ 23). Indeed, Trucco acknowledged that Redcell was authorized to "make a back-up copy of the server…" (Cmptl. ¶¶ 18, 46).

The Complaint asserts three Counts. The First Count asserts that Redcell violated the CFAA. This Count essentially realleges the allegations that Trucco tried, but failed, to assert in the proposed counterclaim. The Second Count and Third Count allege that Redcell violated N.J.S.A. 2A:38A-3, the New Jersey Computer Related Offenses Act (Second Count), and that Redcell is liable for an invasion of privacy under New Jersey common law (Third Count).

## II. Redcell's Lawsuit Against Trucco ("Action No. 1")

As Trucco acknowledges, Redcell's relationship with Trucco ended in 2019 acrimoniously (Cmplt. ¶ 26). In January 2020, Redcell commenced Action No. 1. Redcell's complaint in Action No. 1 seeks damages against Trucco for violations of 18 U.S.C. § 1836 *et seq.*, the Defend Trade Secrets Act, and for breach of contract (Russ Decl. ¶ 4; Ex. "C"). Action No. 1 is scheduled for trial next year.

## III. In Action No. 1, Trucco Moved for Leave to Amend its Answer to Assert a CFAA Counterclaim Against Redcell

Trucco answered Redcell's complaint (Russ Decl. ¶ 5; Ex. "D"). Trucco's answer consisted of general denials and sundry affirmative defenses. During the course of pre-trial disclosure in Action No. 1, Redcell, through its attorney, stated that Redcell had access to certain documents and data, some of which were on the server, which documents Redcell's attorney described as the "Joint Database" documents (Russ Decl. ¶ 6; Exs. "E" and "F").

In May 2021, Trucco made a motion in Action No. 1 - which Redcell opposed - for leave to amend its answer to assert four counterclaims against Redcell (Russ Decl. ¶ 7; Ex. "G"). All of the proposed counterclaims (Russ Decl. ¶ 7; Ex. "H") were based on Trucco's conclusory allegation that Redcell improperly accessed and copied documents from Trucco's server in

3

violation of Federal and New York state law. As relevant to this motion, the first proposed counterclaim alleged that Redcell violated the CFAA (Russ Decl. ¶ 7; Ex. "H" [pg. 16-17 of proposed answer]).[2]

IV.  This Court Denied Trucco Leave to Assert the CFAA Counterclaim

On July 21, 2021, Magistrate Judge Cave submitted a written Report and Recommendation (the **"R&R"**) on Trucco's motion for leave to amend. Judge Cave recommended that Trucco's motion be denied (Russ Decl. ¶ 7; Ex. "I"). Trucco timely filed its objections to the R&R, and the motion for leave to amend was then referred to this Court for its *de novo* decision.

This Court denied Trucco's motion and held that "Trucco does not plausibly allege a violation of the CFAA." Redcell Corp. v. A.J. Trucco, Inc., No. 20 cv 00018 AT-SLC, 2022 WL 683007 at *4 (S.D.N.Y. Mar. 8, 2022)(Russ Decl. ¶ 9; Ex. "J"; the **"March 2022 Decision"**). This Court thoroughly examined Trucco's proposed CFAA counterclaim side-by-side with the CFAA. Specifically, this Court stated:

> The CFAA, by its plain language, prohibits improper "access" to a protected computer, "not misuse or misappropriation." University Sports Pub. Co. v. Playmakers Media Co., 725 F. Supp.2d 378, 383, (S.D.N.Y. 2010). An entity acts "without authorization" when it "accesses a computer without permission to do so," and "exceeds authorized access" when it "has permission to access certain information on a computer, but access[es] other information as to which [it] lacks permission." JBC Holdings NY, LLC v. Pakter, 931 F. Supp.2d 514, 523 (S.D.N.Y. 2013) (citation omitted). The CFAA does not, however, cover circumstances where an entity "has permission to access certain information and then uses that information for an improper purpose." Id. at 523-25.
>
> On this basis, Trucco does not plausibly allege a violation of the CFAA. First, Trucco fails to describe the scope of Redcell's access to the server during the parties' business relationship. Trucco pleads only that Redcell "was given access" to its confidential and proprietary information. Counterclaim ¶ 12. Trucco does not actually allege that Redcell was authorized to access the cloud server that these documents were stored on, nor does it clearly state the extent of Redcell's access to the server-for instance, whether Redcell was granted access to the server in its

---

[2] The three other proposed counterclaims were not reasserted in this action and are not relevant to this motion.

4

entirety, or whether Redcell was explicitly authorized only to access certain files and documents. This distinction is critical to determining whether Redcell's later actions constituted unauthorized access or exceeded its authorized access to the server, which are actionable under the CFAA, or whether these actions amounted to mere misuse of the server's information, which is not.

Second, some of Trucco's more specific factual allegations establish only that Redcell allegedly misused or misappropriated information it was otherwise authorized to access. For example, Trucco alleges that during the parties' relationship, Redcell not only backed up Trucco's computer data "when necessary" as required to comply with industry standards-an action presumably within the scope of Redcell's access to the server-but that it also "surreptitiously undertook" backups of such data for its own benefit. Id. ¶ 13. But, if Trucco authorized Redcell to access its data to create backups for compliance purposes, Trucco cannot state a claim under the CFAA for additional backups of this data Redcell undertook for its own purposes. See Pakter, 931 F. Supp.2d at 523.

*5  Similarly, Trucco states that Redcell "was not authorized to access Trucco's confidential information in any way not related to the maintenance of software." Counterclaim ¶ 31. But, where an entity is granted access to a server for one purpose, subsequent access for an improper purpose is not actionable under the CFAA. See University Sports, 725 F. Supp.2d at 384–86 (concluding that where employee was authorized to access entire database for limited administrative role, no CFAA liability existed where employee acted outside job duties by analyzing and downloading substantive documents for competitor). Thus, if Redcell was granted access to the server and information stored on it for software maintenance, "subsequent misuse of the information [for other purposes] ... is not sufficient to violate the CFAA." Apple Mortgage Corp. v. Barenblatt, 162 F. Supp.3d 270, 286 (S.D.N.Y. 2016).

Third, Trucco's factual allegations contain contradictions as to the kinds of documents on the server Redcell was authorized to access, and may have subsequently misused-versus documents it was never authorized to access. For instance, Trucco cites its tax returns as an example of documents obtained by Redcell through its "unauthorized access" to the cloud server. Counterclaim ¶ 23. But, Trucco also explicitly acknowledges that Redcell was "given access" to Trucco's tax returns during the course of their business relationship. Id. ¶ 12. Similarly, Trucco states that it maintains on its servers "confidential business strategies ... sensitive economic data ... [and] information relating to Trucco's profits and losses," that Trucco "strictly limits access to this information" to its highest executives, and Redcell's access to such information was "unauthorized." Id. ¶¶ 24–25, 33. But, these are all categories of information Trucco gave Redcell access to during the parties' relationship. Id. ¶ 12. Although the Court must take Trucco's well-pleaded factual allegations as true, it need not do so when such allegations are internally inconsistent or contradictory. See Spiteri v. Russo, No. 12 Civ. 2780, 2013 WL 4806960, at *8 (E.D.N.Y. Sept. 7, 2013), aff'd sub nom Spiteri

5

v. Camacho, 622 F. App'x 9 (2d Cir. 2015). <u>Trucco, therefore, provides no basis for the Court to infer that Redcell's access to and alleged improper use of these documents provides a basis for CFAA liability, because its factual allegations do not support anything beyond a finding that Redcell merely misappropriated or misused data it was legitimately authorized to access.</u>

Trucco argues that its factual allegations support liability under the CFAA to the extent that they demonstrate that Redcell continued to access the server without authorization after the end of the parties' business relationship in 2019. Defs. Obj. at 6-7. As Trucco correctly notes, in the context of an employer-employee relationship, courts in this district have concluded that where an employee previously had access to a computer or system, but is then terminated or resigns, subsequent access may be construed as unauthorized within the meaning of the CFAA. E.g., Poller v. BioScrip, Inc., 974 F. Supp.2d 204, 233 (S.D.N.Y. 2013). And, drawing all inferences in Trucco's favor, certain of its factual allegations could potentially support CFAA liability on this basis. Trucco alleges, for instance, that during a deposition in this action, Redcell used a confidential settlement document from another litigation that Redcell was never given permission to access. Counterclaim ¶ 19. Trucco also alleges that Redcell's president "acknowledged" in deposition testimony that Redcell has accessed data on the server as part of its prosecution efforts in this litigation, and "did so because Redcell still has the access codes to review and retrieve such data." Id. ¶ 20.

*6   But, Trucco merely pleads in a conclusory manner, that "any past consent" given by Redcell to Trucco to access its "confidential and proprietary information ... obviously ceased when their business relationship ended in 2019." Id. ¶ 22. Trucco does not allege that it took measures to terminate Redcell's access to the server, or even that Trucco notified Redcell that it was no longer permitted to access the server. Indeed, Redcell appears to have maintained access to the server by using the same codes that were valid during the parties' relationship, Defs. Obj. at 10, and Trucco does not allege that it revoked Redcell's permission to these codes. A conclusory allegation that any authorization "obviously ceased" when the parties' business relationship ended is insufficient to demonstrate unauthorized access within the meaning of the CFAA, particularly when, as Trucco concedes, Redcell characterizes the server as a "joint database" to which both Trucco and Redcell still maintain access. Counterclaim ¶ 17.
<u>Id</u>. 2022 WL 683007 at *4-6. (emphasis added)

As a result, this Court denied Trucco's motion for leave to file such a CFAA counterclaim on the ground of futility.  <u>Redcell Corp. v. A.J. Trucco, Inc.</u>, No. 20 cv 00018 AT-SLC, 2022 WL 683007, at *6 (S.D.N.Y. Mar. 8, 2022).

6

V.   Trucco Commenced this Action

Obviously, Trucco refused to take "no" for an answer. Barely two months after the entry of the March 2022 Decision, Trucco commenced this action in the District Court of New Jersey. However, neither the Complaint nor the accompanying Civil Cover Sheet (Russ Decl. ¶ 3; Ex. "B") disclosed that this Court in Action No. 1 had concluded that Trucco's CFAA claim had no legal merit."[3]  Trucco's assertion that venue was properly placed in New Jersey was so transparently false that the District Court of New Jersey (Bumb, J.) upon its *sua sponte* Motion, transferred venue to the Southern District stating, in pertinent part:

> It is the public interest that cuts most strongly in favor of transferring this matter. Specifically, the second factor supports transfer because these parties are already in litigation in the Southern District of New York. Not only that, but the New York action is directly related to this action, so much so that Trucco initially tried to bring the CFAA claim as a counterclaim in that very case. It would be decidedly easier, more expeditious, and less expensive for the parties to continue litigating these issues in that forum. Moreover, doing so would eliminate the risk of inconsistent rulings by different courts on substantially the same issues. Therefore, this factor weighs heavily in favor of transferring this matter to the Southern District of New York.
> A.J. Trucco, Inc. v. Redcell Corp., No. CV 22-2871 (RMB/EAP), 2022 WL 4017948, at *3 (D.N.J. Sept. 2, 2022) (emphasis added; Dkt. No. 19)

It was obvious to Judge Bumb that "the New York action (Action No. 1) is directly related to this action" (Id.).  Yet, Trucco and its counsel thought that they could sidestep this Court and the March 2022 Decision by commencing a new action in a different Federal Court.

None of the Counts, including Trucco's CFAA Count, states a claim for relief. Moreover, the CFAA Count should also be dismissed because it is barred by the doctrine of *res judicata*.

---

[3] The Civil Cover Sheet does not identify Action No. 1 as a related case (Russ Decl. ¶ 2; Ex. "B").

7

## POINT I

## THE CFAA COUNT SHOULD BE DISMISSED
## BECAUSE IT DOES NOT STATE A CLAIM FOR RELIEF

A. <u>The CFAA Count Fails to State a Claim For Relief</u>

On this motion, the Court's role is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." <u>Bertuglia v. City of New York</u>, 839 F. Supp.2d 703, 713 (S.D.N.Y. 2012) (quoting <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 [2d Cir. 1985]); <u>Buari v. City of New York</u>, 530 F. Supp.3d 356, 376 (S.D.N.Y. 2021). Furthermore, the general rule is that on a FRCP 12(b)(6) motion, the Complaint will be construed liberally, all factual allegations will be deemed to be true, and all reasonable inferences will be drawn in Trucco's favor. <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152 (2d Cir.2002).

Even so, the CFAA First Count suffers from the same pleading infirmities of Trucco's proposed CFAA counterclaim. As noted above, in ¶ 18 and ¶ 46 of the Complaint, Trucco acknowledges that Redcell was authorized <u>to make backup copies</u>."

These pleading admissions are fatal to the Complaint. As this Court stated in the March 2022 Decision, "(t)he CFAA does not, however, cover circumstances where an entity 'has permission to access certain information and then uses that information for an improper purpose.'" (citations omitted)(2022 WL 683007, at *4). <u>That conclusion applies with equal force to this Complaint</u>. The First Count does not state a claim for relief under the CFAA.

B. <u>The Doctrine of *Res Judicata* Bars the CFAA First Count</u>

Not satisfied with its "one bite at the apple," Trucco wants a second one. However, the March 2022 Decision conclusively establishes that Trucco's CFAA claim has no legal merit. Hence, the Complaint is barred by *res judicata*.

8

As a general rule, on a FRCP 12(b)(6) motion, district courts confine themselves to "the four corners of the complaint and look only to the allegations contained therein." Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). However, *a res judicata* challenge can be raised on a FRCP 12(b)(6) motion if "all relevant facts are shown by the court's own records." AmBase Corp. v. City Investing Co. Liquidating Trust, 326 F.3d 63, 72 (2d Cir. 2003) (quoting Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992). In considering a *res judicata* defense on a FRCP 12(b)(6) motion, "a court may judicially notice prior pleadings, orders, judgments, and other items appearing in the court records of prior litigation that are related to the case before the Court." Chien v. Skystar Bio Pharm. Co., 623 F. Supp.2d 255, 260 (D. Conn. 2009) (citing AmBase, *supra*, 326 F.3d at 72-73), aff'd, 378 F. App'x 109 (2d Cir. 2010); see also Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc., 652 F. Supp.2d 463, 470 (S.D.N.Y. 2009)(citations omitted).

This Court can, of course, take judicial notice of the documents filed in Action No. 1. "A court may consider a res judicata defense on a Rule 12(b)(6) motion to dismiss when the court's inquiry is limited to the plaintiff's complaint, documents attached or incorporated therein, and materials appropriate for judicial notice." TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 498 (2d Cir. 2014). Courts can "look to public records, including complaints filed in state court, in deciding a motion to dismiss" (Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc., 369 F.3d 212, 217 [2d Cir. 2004]) and can take judicial notice for the fact that the documents exist and for the fact of what is said in them. Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991); Bar-Levy v. Mitchell, No. 22-CV-3408 (CS), 2022 WL 14746399, at *1 (S.D.N.Y. Oct. 25, 2022); New Y-Capp v. Arch Cap. Funding, LLC, No. 18-CV-3223 (ALC), 2022 WL 4813962, at *1 (S.D.N.Y. Sept. 30, 2022).

9

This Court's denial of Trucco's motion to amend its answer is the equivalent of a dismissal under Fed. R. Civ. Proc. 12(b)(6). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6) under the Federal Rules of Civil Procedure." Redcell Corp. v. A.J. Trucco, Inc., No. 20 cv 00018 AT-SLC, 2022 WL 683007, at *3 (S.D.N.Y. Mar. 8, 2022) (citing Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 [2d Cir. 2002]).

Therefore, the March 2022 Decision is a final determination on the merits that bars the same claim in this action. Pro. Mgmt. Assocs., Inc. v. KPMG LLP, 345 F.3d 1030, 1032 (8th Cir. 2003) "(D)enial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." King v. Hoover Group, Inc., 958 F.2d 219, 222-223 (8th Cir. 1992). This is true even when denial of leave to amend is based on reasons other than the merits, such as timeliness. Northern Assurance Co. v. Square D Co., 201 F.3d 84, 88 (2d Cir. 2000); Poe v. John Deere Co., 695 F.2d 1103, 1107 (8th Cir. 1982). The "actual decision denying leave to amend is no more than a proxy to signify at what point claims have been forfeited due to a plaintiff's failure to pursue all claims against a particular defendant in one suit". Northern Assurance Co. v. Square D Co., 201 F.3d at 88 (2d Cir. 2000).

Indeed, this Court held in Joyner v. Alston & Bird LLP, No. 21 cv 8549-AT-SLC, 2022 WL 6244417, at *6 (S.D.N.Y. May 13, 2022), report and recommendation adopted, No. 21 cv 8549-AT-SLC, 2022 WL 4115954 (S.D.N.Y. Sept. 9, 2022) that a denial of a motion to amend is a final judgment on the merits as to the proposed claim for the purposes of *res judicata*. See also Yaba v. Roosevelt, 961 F. Supp. 611, 621 (S.D.N.Y. 1997); United States v. McGann, 951 F. Supp. 372, 383 (E.D.N.Y. 1997)("It is well settled that denial of leave to amend constitutes *res judicata* on the merits of the claims which were the subject of the proposed amended pleading.").

Decisions from the Third Circuit, where this case was originally filed, are in accord. McKenna v. City of Philadelphia, 304 F. App'x 89, 91–93 (3d Cir. 2008)("denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action"); Estate of Moore v. Roman, No. 18-16345 (RBK) (KMW), 2021 WL 3163992, at * 5 (D.N.J. July 27, 2021).

Under the circumstances, the CFAA First Count should be dismissed.

## POINT II

## THE NEW JERSEY STATE LAW COUNTS SHOULD BE DISMISSED

Assuming, without conceding, that the two New Jersey-based Counts state claims for relief, the Court should decline to exercise supplemental jurisdiction over those Counts upon the dismissal of Trucco's CFAA Count. Griffith v. Metropolitan Transit Authority-New York City Transit, No. 19 Civ. 6234 (AT), 2022 WL 16540877 (S.D.N.Y. Oct. 28, 2022)("Because Defendants are entitled to summary judgment on all of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law failure-to-promote claims. See 28 U.S.C. § 1367[c][3]").  See also Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988), stating that, where all federal-law claims are eliminated before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine…point toward [a federal court] declining to exercise jurisdiction over the remaining state law claims"); Cohen v. Postal Holdings, LLC, 873 F.3d 394, 405 (2d Cir. 2017) (Calabresi, J., concurring).

Even so, the New Jersey-based Second and Third Counts both fail to state claims for relief. It is difficult, if not impossible, to discern how New Jersey laws are implicated in this case.  None of the parties are New Jersey-based companies.  Trucco is a corporation organized under the laws of the State of New York.  Its principal place of business is in the Bronx.  Both Redcell entities are

11

organized under the laws of the State of New York, and their principal places of business are located in Jericho, New York.

Then there is Trucco's server. Trucco's server is physically located at its Bronx facility (Cmplt. ¶ 2). Not only that, the Complaint does not even allege that Redcell accessed Trucco's server from New Jersey. New Jersey law is so attenuated from the parties, their conduct, and the alleged wrongful conduct (as pleaded). The Second and Third Counts are contrivances and should be dismissed.

To the extent that Trucco relies on A & G Rsch., Inc. v. GC Metrics, Inc., 19 Misc.3d 1136(A), 862 N.Y.S.2d 806 (Sup. Ct. West. Co., 2008) to support its New Jersey-based Second and Third Counts, that case is wholly inapposite. As Justice Scheinkman pointed out in the very first paragraph of his decision, even though all of the litigants were domiciled in New York, the plaintiff's office was located in New Jersey, the alleged misconduct occurred in New Jersey, and the information was then turned over to the corporate defendant who competed with the plaintiff. This case does not have a comparable nexus to New Jersey.

**CONCLUSION**

Defendants' motion to dismiss the Complaint should be granted, together with such other and further relief as the Court deems just and proper.

Dated: Massapequa, New York
November 3, 2022

RUSS & RUSS, P.C.

By: _____
Jay Edmond Russ, Esq.
Ira Levine, Esq., *of counsel*
Attorney for Defendants
543 Broadway
Massapequa, New York 11758
(516) 541-1014
jayruss@russrusspc.com

13