UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK            Case No.: 22-cv-07732-AT
------------------------------------------------------------------------x
A. J. TRUCCO, INC.,

                              Plaintiff,

      -against-

REDCELL CORP. and REDCELL SYSTEMS, LLC,

                              Defendants.
------------------------------------------------------------------------x

**DEFENDANTS REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO TO DISMISS THE COMPLAINT**

                                                                              RUSS & RUSS, P.C.
                                                                              Attorney for Defendants
                                                                              Post Office Address:
                                                                              543 Broadway
                                                                              Massapequa, New York 11758
                                                                              (516) 541-1014
                                                                              jayruss@russrusspc.com

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ i

**PRELIMINARY STATEMENT** ..........................................................................................1

**ARGUMENT**

**POINT I**

**TRUCCO'S ORIGINAL COUNTERCLAIM WAS
DISMISSED ON THE MERITS;
HENCE, THE COMPLAINT SHOULD BE DISMISSED** .......................................................1

**POINT II**

**THE NEW JERSEY STATE LAW
COUNTS SHOULD BE DISMISSED**....................................................................................4

**CONCLUSION** ........................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**                                                     **Page**

A & G Rsch., Inc. v. GC Metrics, Inc.,
   19 Misc.3d 1136(A), 862 N.Y.S.2d 806 (Sup. Ct. West. Co., 2008) ................... 4-5

Ashcroft v. Iqbal,
   556 U.S. 662, 679 (2009)...............................................................................................4

Curtis v. Citibank, N.A.,
   226 F.3d 133, 140 (2d Cir. 2000).................................................................................3

Da Silva v. Kinsho Int'l Corp.,
   210 F. Supp. 2d 241 (S.D.N.Y.),
   aff'd, 229 F.3d 358 (2d Cir. 2000)...............................................................................5

Grochowski v. Phoenix Constr.,
   318 F.3d 80, 86 (2d Cir. 2003).....................................................................................2

Halak v. Scovill,
   296 N.J. Super. 363, 370,
   686 A.2d 1245, 1249 (App. Div. 1997) .....................................................................4

Joyner v. Alston & Bird LLP,
   No. 21 cv 8549-AT-SLC, 2022 WL 6244417, at *6 (S.D.N.Y. May 13, 2022)
   report and recommendation adopted,
   No. 21 cv 8549-AT-SLC, 2022 WL 4115954 (S.D.N.Y. Sept. 9, 2022).................2

Lucente v. Int'l Bus. Mach. Corp.,
   310 F.3d 243, 258 (2d Cir. 2002)........................................................................... 1-2

Nowak v. Ironworkers Local 6 Pension Fund,
   81 F.3d 1182, 1187 (2d Cir. 1996),............................................................................5

Procter & Gamble Co. v. Hello Prod., LLC,
   No. 14-CV-649 VM RLE, 2015 WL 2408523, at *2 (S.D.N.Y. May 20, 2015) ......2

United States v. McGann,
   951 F. Supp. 372, 383 (E.D.N.Y. 1997) ....................................................................2

**Statutes and Rules**

Fed. R. Civ. Proc. 15 & 16............................................................................... *passim*

**PRELIMINARY STATEMENT**

Defendants Redcell Corp. and Redcell Systems Inc. (jointly "Redcell") submit this Reply Memorandum in response to the Memorandum of Law of A.J. Trucco Inc. ("Trucco") and in further support of Redcell's motion pursuant to Fed. R. Civ. P. 12 (b)(6) to dismiss the Complaint.

**ARGUMENT**

**POINT I**

**TRUCCO'S ORIGINAL COUNTERCLAIM WAS DISMISED ON THE MERITS; HENCE, THE COMPLAINT SHOULD BE DISMISSED**

Trucco's opposition rests on two fatally flawed arguments. Trucco first asserts that the doctrine of *res judiata* is not applicable because the cases that Redcell cited at Point I of its Memorandum of Law dated November 3, 2022 (Doc. No. 33) are distinguishable. Trucco then asserts that the Complaint cures the pleading deficiencies of the rejected proposed counterclaims. Neither is true.

A. Res Judicata

Trucco misleads by attempting to differentiate itself from litigants whose second lawsuits were dismissed on *res judicata* grounds. Trucco points to the fact that it is a defendant in Action No. 1 while the litigants in the cases cited by Redcell in its November 3, 2022 Memorandum of Law were all plaintiffs. Then, Trucco tries to distinguish itself by pointing out that its rejected first pleading was a proposed "permissive" counterclaim, whereas in the cases cited by Redcell, the rejected first pleading were proposed amended complaints.

These distinctions are, of course, trivial. This Court's denial of Trucco's motion in Action No. 1 for leave to assert the CFAA claim as a counterclaim was the equivalent of a dismissal under Fed. R. Civ. P. 12(b)(6), and as such, was on the merits. Lucente v. Int'l Bus. Machs. Corp., 310 F.3d 243, 258 (2d Cir. 2002)("An amendment to a pleading is futile if the proposed claim could

not withstand a motion to dismiss pursuant to [Fed. R. Civ. P.] 12[(b)[6]"). Trucco also ignores the legal principles that this Court cited in Joyner v. Alston & Bird LLP, No. 21 Civ 8549-AT-SLC, 2022 WL 6244417, at *6 (S.D.N.Y. May 13, 2022), report and recommendation adopted, No. 21 Civ 8549 AT-SLC, 2022 WL 4115954 (S.D.N.Y. Sept. 9, 2022) to the effect that a denial of leave to amend constitutes *res judicata* on the merits of the claims which were the subject of the proposed amended pleading. See also United States v. McGann, 951 F. Supp. 372, 383 (E.D.N.Y. 1997), cited by this Court in Joyner, *supra*.

Then Trucco baldly argues, without any supporting legal authority, that *res judicata* is more rigorously applied to "compulsory claims" as opposed to "permissive counterclaims." Here, too, Trucco misleads. Rule 15 expressly states that leave to amend "shall be freely given". However, where a scheduling order has been entered, the lenient standard of Rule 15(a) is balanced against the requirements of Rule 16(b) "that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003)(quoting Fed. R. Civ. P. 16). Neither Fed R. Civ. P. 15 nor Fed R. Civ. P. 16 distinguishes between a "compulsory" proposed pleading and a "permissive" proposed pleading.

Irrespective of whether the proposed amended pleading is "compulsory" or "permissive" in nature, Courts uniformly consider, in deciding whether to permit an amendment to a pleading, whether the motion to amend the pleading diligently made, whether the lawsuit be unduly delayed if the motion to amend is granted, and whether the proposed pleading state a claim for relief. Procter & Gamble Co. v. Hello Prod., LLC, No. 14-CV-649 VM RLE, 2015 WL 2408523, at *2 (S.D.N.Y. May 20, 2015).

This Court first considered if Trucco promptly moved for leave to amend and whether Action No. 1 would be unduly delayed if leave was granted. The Court resolved those factors in

Trucco's favor, then considered the legal merit of the proposed CFAA counterclaim and determined that the proposed counterclaim had no legal merit because if failed to state a claim for relief.  Whether the proposed counterclaim was permissive or compulsory in nature was not a factor in the Court's decision.

Trucco, in arguing against *res judicata*, also refuses to acknowledge that the allegations of the Complaint arise from the same nucleus of operative facts as were set forth in the proposed CFAA counterclaim.  As the Second Circuit stated in <u>Curtis v. Citibank, N.A.</u>, 226 F.3d 133, 140 (2d Cir. 2000), the "normal claim preclusion analysis applies and the court must assess whether the second suit raises issues that should have been brought in the first".  Trucco could have properly pled a CFAA counterclaim.  The passage of time did not enhance Trucco's knowledge of the facts.  Not only that, but Trucco also could have sought leave to replead, but did not do so.  Under the circumstances, the denial of leave to amend was a final order and this Complaint is barred by *res judicata* and claim preclusion.

B. <u>No New Material Facts Are Pled in the Complaint.</u>

Trucco, pages 9 & 10 of its Memorandum of Law, argues that the Complaint cures the pleading defects of the rejected proposed counterclaim.  Redcell disagrees. The Complaint contains vague and conclusory assertions.  Two examples prove Redcell's point.  At page 9 of the Memorandum, Trucco asserts that the Complaint cures the pleading defect of the counterclaim with the allegation that Trucco "took measures to terminate Redcell s access to the server or notify Trucco that it no longer had access."  In fact, ¶ 33 of the Complaint only states that "Trucco had not been provided the password from VMWARE and *<u>was unable to get through to someone from Redcell to provide it</u>* (emphasis added).  This is a threadbare and purposely vague statement disguised as a factual assertion.

3

Then there is ¶ 44 of the Complaint, which states in pertinent part: "Later in 2021…Trucco learned that Redcell's expert had reviewed and used documents from Redcell's server and had included *what appeared to be* documents from 2020 and 2021"(emphasis added). This conflicts with ¶ 34 of the Complaint which alleges that "Trucco eventually took steps to change from its prior server to a new cloud-based server, a process that took several months to complete, with Trucco's new server only being fully operational *only in May 2020*." (emphasis added).

Nonetheless, it is unfathomable that Trucco cannot definitely assert that the alleged documents described in ¶ 44 of the Complaint were *actually from* in 2020 and 2021, instead of relying on the trite circumlocution that the documents "*appeared to be*" from 2020 and 2021. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do…Nor does a complaint suffice if it tenders 'naked assertion(s)' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 [2007]).

**POINT II**

**THE NEW JERSEY STATE LAW CAUSES OF ACTION SHOULD BE DISMISSED**

Trucco does not state plausible claims for relief under New Jersey law. Trucco cites two cases at page 20 of its Memorandum of Law which are both inapposite. Trucco cites Halak v. Scovill, 296 N.J. Super. 363, 370, 686 A.2d 1245, 1249 (App. Div. 1997) at page 20 of its Memorandum of Law for the principal that "New Jersey courts will permit New Jersey statutory and common law claims against non-resident when tortious effects are felt in New Jersey." Trucco leaves out one important fact: The plaintiff in Halak, *supra*, was a New Jersey resident. None of the parties herein are New Jersey residents.

Then there is Trucco's misplaced reliance on A & G Rsch., Inc. v. GC Metrics, Inc., 19

4

Misc.3d 1136(A), 862 N.Y.S.2d 806 (Sup. Ct. West. Co., 2008), which Redcell also cited at page 12 of its November 3 Memorandum of Law.  Trucco ignores the fact that although the litigants were New York domiciliaries, the corporate plaintiff's principal office was located in New Jersey, and the actual wrongful misconduct occurred in New Jersey.  Trucco's Complaint does not allege a comparable nexus to New Jersey.

In a final act of misdirection, Trucco implausibly asserts that the Court should exercise supplemental jurisdiction over the state law claims even if the CFAA first cause of action is dismissed.  Federal courts rarely, if ever, retain jurisdiction over state law claims following the dismissal of federally based claims pursuant to a Rule 12(b)(6) motion decided at the early stages of a litigation.  Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2d Cir. 1996), cited by Trucco at page 21 of its Memorandum of Law, proves the rule.  In Nowak, *supra*, the plaintiff asserted one claim under federal law which formed the basis for the federal original jurisdiction and a second claim for breach of contract under New York law.  The federally based claim was dismissed just nine days before the scheduled trial.  Hence, the District Court properly exercised its discretion in retaining supplemental jurisdiction over the state-based claim.  See also Da Silva v. Kinsho Int'l Corp., 210 F. Supp. 2d 241 (S.D.N.Y.), aff'd, 229 F.3d 358 (2d Cir. 2000)(Where a terminated employee's Title VII claims were dismissed on the merits after the parties had completed jury selection and opening statements, it was appropriate, for reasons of fairness, judicial economy and convenience, among others, for the District Court to exercise supplemental jurisdiction over the state law claims, complete the trial, and enter judgment on the ensuing judgment for the employer and its officer.)

No comparable factors exist in this case.  If the CFAA cause of action is dismissed, then the Court should decline to exercise supplemental jurisdiction over the New Jersey claims.

5

**CONCLUSION**

Defendants' motion to dismiss the Complaint should be granted, together with such other and further relief as the Court deems just and proper.

Dated: Massapequa, New York
      December 15, 2022

                              RUSS & RUSS, P.C.

                              By: _____
                                  Jay Edmond Russ, Esq.
                                  Ira Levine, *of counsel*
                              Attorney for Defendants
                              543 Broadway
                              Massapequa, New York 11758
                              (516) 541-1014
                              jayruss@russrusspc.com